331 F.2d 839
 LOCAL 374, INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
The AMERICAN SHIP BUILDING COMPANY, Respondent.
 No. 18011.
 No. 18056.
 United States Court of Appeals District of Columbia Circuit.
 Argued February 24, 1964.
 Decided April 9, 1964.
 
 Mr. Bernard M. Mamet, Chicago, Ill., with whom Mr. Theodore J. St. Antoine, Washington, D. C., was on the brief, for petitioner in No. 18011.
 Mr. Ira M. Lechner, Atty., National Labor Relations Board, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel and James C. Paras, Atty., National Labor Relations Board, were on the brief, for respondent in No. 18011 and petitioner in No. 18056.
 Mr. Herman M. Levy, Atty., National Labor Relations Board, also entered an appearance for petitioner in No. 18056 and respondent in No. 18011.
 Mr. William S. Tyson, Washington, D. C., for respondent in No. 18056.
 Before BURGER, WRIGHT and McGOWAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 No. 18011 reaches us on the petition by the Union, the charging party, to review and enlarge an order of the Board issued June 21, 1963 pursuant to Section 10(c), National Labor Relations Act, 61 Stat. 146 (1947), 29 U.S.C. § 160(c) (1958). The Board found that the Intervenor, The American Ship Building Company, by locking out employees upon the expiration of the existing contract and while negotiations for renewal were pending violated Sections 8(a) (1) and (3) of the National Labor Relations Act, 61 Stat. 140 (1947), as amended, 29 U.S.C. § 158(a) (1) (3) (1958). We find no basis for disturbing the Board's conclusion that the issue presented to it was limited to the layoff of employees at the South Chicago plant; other charges were not involved. Cf. International Union of Electrical, Radio and Machine Workers, AFL-CIO v. National Labor Relations Board, 110 U.S. App.D.C. 91, 289 F.2d 757 (1960).
 
 
 2
 No. 18056 reaches us on the petition of the Labor Board for enforcement of the same order against The American Ship Building Company as respondent in No. 18056. American Ship Building contends that enforcement should be withheld because the Board's findings were inadequate[1] and were not supported by substantial evidence, and because the lockout did not violate the Act in the circumstances found by the Board.
 
 
 3
 The question presented initially is narrowly whether the record contains evidence to support the Board's findings. On the whole record, and allowing for the important place accorded to the Board's special experience, we conclude that the Board's finding that respondent had no reasonable basis for fearing a strike is not without the requisite record support. See Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). Respondent alternatively contends that in the circumstances shown here a lockout was permissible as a valid economic response in the collective bargaining process; the Board rejected this contention. "The ultimate problem is the balancing of the conflicting legitimate interests. The function of striking that balance to effectuate national labor policy is often a difficult and delicate responsibility which the Congress committed primarily to the National Labor Relations Board, subject to limited judicial review." National Labor Relations Board v. Truck Drivers Local No. 449, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, A.F.L., 353 U.S. 87, 96, 77 S.Ct. 643, 648, 1 L.Ed.2d 676 (1957). We find no basis for disturbing the Board's conclusions.[2]
 
 
 4
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Although the Board's findings did not spell out the coercive and discriminatory impact of the lockout on the rights of employees, we think this consequence is implicit and the omission of explicit findings does not warrant remand
 
 
 [2]
 The Board's Decision and Order are reported at 142 N.L.R.B. No. 173 (1963)